UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

RODNEY D. DEAN,

    Plaintiff,

v.

DIOCESE OF LANSING, UNITED STATES
CONFERENCE OF CATHOLIC BISHOPS,
LAKEWOOD CHURCH, and VALLEY
FAMILY CHURCH,

    Defendants.

Case No. 1:20-cv-00127

HON. JANET T. NEFF

MAG. JUDGE RAY KENT

**DEFENDANT LAKEWOOD CHURCH'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

The plaintiff filed a document styled as a letter to the Chief Judge of the United States District Court for the Western District of Michigan. The document is 51 pages of unnumbered in length and contains numerous verbatim reproductions of federal criminal statutes. The letter has been docketed as a Complaint. The defendant will not attempt to characterize the assertions in the document. As to the defendant Lakewood Church of Houston, Texas, the only language in the entire document referring to it is in the last paragraph. (ECF No. 1, Page ID 51 – 52). The plaintiff has "requested" all "pertinent 'filmed material from' worship services" at Lakewood Church in Houston, Texas. (*Id*. at 51). The document does not allege a cause of action against Lakewood Church; therefore Lakewood Church brings this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**STANDARD OF REVIEW**

Judge Neff identified the standard for deciding a Rule 12 motion in *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619 (W.D. Mich. 2015): "A complaint will

1

survive a motion to dismiss if the plaintiff alleges facts that 'state a claim to relief that is plausible on its face' and that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level.' *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard 'is not akin to a "'probability requirement,'" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "'merely consistent with'" a defendant's liability, it "'stops short of the line between possibility and plausibility....'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir.2008)." *Thorn, supra,* 81 F. Supp. 3d at 622. However, the Court also recognized that "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Further, 'the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference.' *Handy–Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir.2012)." *Thorn, supra,* 81 F. Supp. 3d at 623.

## STATEMENT OF FACTS

Since the factual assertions in the document docketed as a Complaint do not refer to Lakewood Church, it is unnecessary to attempt to discern the factual predicate of the plaintiff's claims. In general, the document makes accusations against the Catholic Church

2

generally and the Diocese of Lansing specifically related to the plaintiff's belief that a computer chip was surgically implanted in his head. The only reference to Lakewood Church is in the final paragraph of the document. That paragraph states in pertinent part:

> Exculpatory Evidence – I am further asking that CNN and NBC and NDC Soprts, and CBS Sports provide all taped material regarding their discussion of this issue on Television as 'Exculpatory Evidence in this case' , and I am seeking a 'court order' if the materials requested are not turned over for the preparation of this case. CNN has numerous film pieces involving Democrats and Republicans discussing this issue and those would be important as well. **I am further requesting that all pertinent 'filmed material from' worship services** at Valley Family Church, and **Lakewood Church in Houston Texas** as well as Pastor Brian Huston's talk show on the Hillsong Television Network as well as any sermons that Pastor preached regarding material that I have wrote.

(ECF No. 1, Page ID 51)(Emphasis added). There is no other reference to Lakewood Church in the 51 pages of the document.

## ARGUMENT

**LAKEWOOD CHURCH SHOULD BE DISMISSED WITH PREJUDICE FROM THIS LITIGATION UNDER RULE 12(b)(6) AS THE DOCUMENT DOCKETED AS A COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST LAKEWOOD CHURCH.**

The plaintiff has cited a number of federal criminal statutes and numerous constitutional provisions which he asserts have been violated. However, nowhere in the document does the plaintiff make a single allegation related to Lakewood Church. The only reference to Lakewood Church is a vague demand that "filmed worship services" at the Church (apparently related to the computer chip in plaintiff's head – although that is not clear) be turned over. Dismissal under Rule 12(b)(6) is appropriate for a variety of reasons.

3

"To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) ('Courts must construe the complaint in the light most favorable to plaintiff.') (internal quotation marks omitted). **A claim is facially plausible when the facts allow the court to reasonably infer that the defendant is liable for the alleged wrongdoing**. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937." *City of Cincinnati v. Deutsche Bank Nat'l Tr. Co.*, 863 F.3d 474, 481 (6th Cir. 2017)(Emphasis added). This standard has replaced the prior standard (which might also well apply) that "'[t]he sole exception' to the *Conley* rule was for 'allegations that [were] sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel')." *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 629 (6th Cir. 2009), quoting *Iqbal,* 556 U.S. at 696 (Souter, J., dissenting).

Here, there simply are no allegations of wrongdoing asserted against Lakewood Church. Therefore dismissal under Rule 12(b)(6) is appropriate.

Additionally, since the plaintiff is asserting violations of a plethora of federal statutory and constitutional provisions, he must allege state action. There is no allegation of state action on the part of Lakewood Church. "The 'First and Fourteenth Amendment protections, codified in 42 U.S.C. § 1983, are triggered only in the presence of state action....' *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)." *Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co., Inc.*, 780 F. App'x 197, 197–198 (6th Cir.

4

2019), *cert. denied,* 140 S. Ct. 898, 205 L. Ed. 2d 468 (2020). See also, *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018).

To the extent plaintiff seeks tangible items, the appropriate vehicle is the issuance of a subpoena under Rule 45, not naming the target as a defendant in a lawsuit. Lakewood Church is not a proper defendant in this lawsuit.

**RELIEF REQUESTED**

Lakewood Church respectfully requests the Court grant its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss it from this lawsuit with prejudice.

Respectfully submitted,

DATED:  April 13, 2020                           PLUNKETT COONEY

BY:  /s/Michael S. Bogren
　　　Michael S. Bogren (P34835)
　　　Attorney for Defendant
　　　Lakewood Church

Open.P0091.P0091.23942433-1

5