# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

---

RODNEY D. DEAN, MSW

      Plaintiff,

v                                     Case No. 1:20-cv-00127

DIOCESE OF LANSING, et al.

      Defendants,                       Hon. Janet T. Neff
                                                U.S. District Court Judge

---

## MOTION TO QUASH SUBPOENAS DIRECTED TO NON-PARTIES JOHN GARY GUSTAFSON, M.D. AND IQBAL HUSSAIN, M.D.

Non-parties, Dr. John Gary Gustafson and Dr. Iqbal Hussain, through their attorneys, Smith Haughey Rice & Roegge, move the Court to quash the subpoenas issued by Plaintiff, Rodney Dean, and award reasonable costs and attorney's fees pursuant to Fed. R. Civ. P. 45.  Drs. Gustafson and Hussain rely on their Brief in Support and state:

1. Dr. Gustafson is a cardiologist affiliated with Ascension Borgess Hospital Heart Center for Excellence in Kalamazoo, Michigan.  He recently received a subpoena from Mr. Dean in this matter.  (**Brief Exhibit A**, Dr. Gustafson Subpoena).  Dr. Hussain is a psychiatrist affiliated with Ascension Medical Group.  He also received a subpoena from Mr. Dean.  (**Brief Exhibit B**, Dr. Hussain Subpoena).

2. These subpoenas conspicuously lack a place, date, and time to testify or produce any requested documents.  Mr. Dean describes the documents requested as: "deposition, any supporting documentation in your possession."  Attached to both subpoenas is a list of questions (53 questions for Dr. Gustafson, 49 for Dr. Hussain), most of which ask about various brainwashing and computer chip placement conspiracies plotted by the Catholic Church and "the vigilante called the Hands and Feet of Jesus."

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

3.      Besides answering the attached questions, one cannot ascertain from the subpoena what documents Mr. Dean requested or how Drs. Gustafson and Hussain are supposed to comply.   The subpoena documents contained neither a check for a witness fee nor a check for document production costs.   To the extent Mr. Dean is requesting medical records, Drs. Gustafson and Hussain are not the medical records custodians and are unable to provide these records.

4.      Drs. Gustafson and Hussain should not be required to answer the questions attached to the subpoena.   First, it appears that discovery has not yet commenced in this matter and motions to dismiss remain pending.   Second, Fed. R. Civ. P. 45(d)(3)(A) protects subpoena recipients from being subjected to undue burden.   Rule 45(d)(1) permits the Court to "impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees" on a party or attorney who fails to take reasonable steps to avoid imposing an undue burden or expense on the subpoena recipient.   The subpoena's vagueness, insufficient form, and incomprehensible list of questions would clearly impose an undue burden on Drs. Gustafson and Hussain.   Mr. Dean has no reason to believe either doctor has any personal or professional knowledge regarding the subject matter of his attached questions.

5.      Because the subpoena is clearly insufficient in form and seeks to impose an undue burden on Drs. Gustafson and Hussain, the Court should quash the subpoena pursuant to Rule 45(d)(3) and award them their reasonable costs and attorney fees under Rule 45(d)(1).

Non-parties Dr. Gustafson and Dr. Hussain respectfully ask the Court to grant this Motion to Quash and enter an Order quashing the subpoenas directed to them, excuse them from compliance, and award them their reasonable costs and attorney's fees for responding to these vague, frivolous, and unduly burdensome subpoena requests. If the Court finds the subpoenas should not be quashed outright, Dr. Gustafson and Dr. Hussain respectfully ask the Court to modify the subpoenas to reflect only relevant subject matter within the witnesses' personal and professional knowledge as practicing physicians.

Dated:  June 9, 2020

_____/s/ Tyler J. Anderson_____
Carol D. Carlson (P41345)
Tyler J. Anderson (P82701)
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center St. NW
Grand Rapids, MI 49503
(616) 774-8000
ccarlson@shrr.com
tanderson@shrr.com
Attorneys for Subpoena Recipients, Dr. Gary
Gustafson and Dr. Iqbal Hussain

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4906966.v1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

_____

RODNEY D. DEAN, MSW

     Plaintiff,

v                                     Case No. 1:20-cv-00127

DIOCESE OF LANSING, et al.

     Defendants,                          Hon. Janet T. Neff
                                            U.S. District Court Judge

---

**BRIEF IN SUPPORT OF MOTION TO QUASH**

     Plaintiff, Mr. Dean, recently issued subpoenas to Drs. Gustafson and Hussain.  Although the subpoenas are titled "Subpoena to Testify at a Deposition in a Civil Action," they request the doctors to produce "deposition, any supporting documentation in your possession."  (**Exhibit A**, Subpoena).  Mr. Dean attached a list of 53 questions to Dr. Gustafson's subpoena and 49 to Dr. Hussain's, apparently intending them to submit written answers like a written deposition under Fed. R. Civ. P. 31.  However, he clearly failed to check the "Testimony" box or provide a place, date, and time to comply with the request.  On their face, the subpoenas are clearly vague, deficient in form, and impose an undue burden on Drs. Gustafson and Hussain.  Moreover, Mr. Dean failed to comply with the procedures set forth in Rule 31 – namely, it appears the other parties never received notice of these subpoenas.  Finally, the court docket indicates discovery has not yet commenced in this case, and motions to dismiss remain pending.  The Court should quash both subpoenas and award Drs. Gustafson and Hussain their reasonable costs and attorney's fees pursuant to Rule 45(d).

**FACTUAL BACKGROUND**

Aside from the subpoenas' conspicuous formal deficiencies, the attached questions are far afield of anything within the realm of Drs. Gustafson and Hussain's personal or professional knowledge. Mr. Dean seems to admit as much in the "Note" preceding the questions, which is directed to the Court: "Your Honor, in reading these questions you may say what do some of these questions have to do with anything related to the criminal behavior asserted and my answer is 'state of mind' the embryonic fluid that gives life to the crimes asserted." (**Exhibit A**, Dr. Gustafson Subpoena; **Exhibit B**, Dr. Hussain Subpoena).

The vast majority of the questions attached to Dr. Gustafson's subpoena are premised on Mr. Dean claim that the "Hands and Feet of Jesus" implanted a computer chip in his head and threatened to burn his house down and kill his dogs. The questions devolve into assertions of "secret notes" not part of any medical record and a brainwashing conspiracy furthered by the Catholic Church and "the vigilante called the Hands and Feet of Jesus." Mr. Dean even implies that Dr. Gustafson is a co-conspirator or under the authority of these groups. (**Exhibit A**, Dr. Gustafson Subpoena). These questions have no bearing on Dr. Gustafson's professional expertise as a cardiologist, and there is no suggestion these topics are within the scope of his personal knowledge.

Dr. Hussain's list of questions is similar to Dr. Gustafson's. It centers around Mr. Dean's computer chip allegation and asks various questions about religious, government, and technology conspiracies. (**Exhibit B**, Dr. Hussain Subpoena). Although Dr. Hussain certainly has professional knowledge and expertise about the diagnostic relevance of such claims, he has no personal or professional knowledge about these allegations in a literal sense.

## ARGUMENT

Rule 45(d), formerly 45(c), protects non-party subpoena recipients from bearing an undue burden in someone else's quarrel. See *Hackman v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (E.D. Mich. Feb. 6, 2009). Rule 45(d)(3)(A) requires courts to quash or modify a subpoena if it

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4906966.v1

subjects the recipient to an undue burden. Courts assess undue burden in a case-specific manner considering factors such as relevance, the party's need for the documents, the breadth of the request, the time period, the particularity with which the documents are described, and the burden imposed. *In re: Modern Plastics Corporation*, 890 F.3d 244, 251 (6th Cir. 2018). Courts must "balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *Id.* This balance of reasonableness "calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aslani v. Sparrow Health System*, No. 1:08-cv-298, 2009 WL 5892914, at *2 (W.D. Mich. Nov. 30, 2009).

On their face, the subpoenas request Drs. Gustafson and Hussain to produce "deposition, any supporting documentation in your possession." Even if either doctor had any records, the subpoena does not state a place, date, and time to comply. However, the doctors have no responsive documents. To the extent Mr. Dean wants his medical records, he can obtain his records by submitting a standard HIPAA request with the appropriate medical records custodian(s).

Although the attached questions imply Mr. Dean intended the subpoenas to serve as depositions by written questions, they clearly ignore the procedural and form requirements set forth in Fed. R. Civ. P. 31. For example, on information and belief, the other parties did not receive copies of these questions for an opportunity to object, move to strike, or submit their questions. Moreover, the court docket suggests discovery in this case has not yet commenced and motions to dismiss remain pending. At minimum, these subpoenas are premature.

In addition to the subpoenas' form deficiencies, the undue burden on Drs. Gustafson and Hussain to answer the attached questions clearly outweighs their relevance. One is hard pressed to speculate as to what issues these questions might be relevant. That aside, Drs. Gustafson and Hussain are practicing physicians. They are more than happy to comply with any court order and provide insight into patients'

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

medical care as necessary but answering dozens of questions about conspiracies and allegations akin to science fiction is far beyond the scope of their personal and professional knowledge. They should not be required to take time away from their patients and practices to answer these written questions or be deposed with the same line of questioning. To the extent the parties need either doctor's participation in this matter, the testimony or document production requests should be completed with all parties' knowledge and in accordance with the Court's discovery plan.

Non-parties Dr. Gustafson and Dr. Hussain respectfully ask the Court to grant this Motion to Quash and enter an Order quashing the subpoenas directed to them, excuse them from compliance, and award them their reasonable costs and attorney's fees for responding to these vague, frivolous, and unduly burdensome subpoena requests. If the Court finds the subpoenas should not be quashed outright, Dr. Gustafson and Dr. Hussain respectfully ask the Court to modify the subpoenas to reflect only relevant subject matter within the witnesses' personal and professional knowledge as practicing physicians.

Dated: June 8, 2020

_____*/s/ Tyler J. Anderson*_____
Carol D. Carlson (P41345)
Tyler J. Anderson (P82701)
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center St. NW
Grand Rapids, MI 49503
(616) 774-8000
ccarlson@shrr.com
tanderson@shrr.com
Attorneys for Subpoena Recipients, Dr. Gary
Gustafson and Dr. Iqbal Hussain

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4906966.v1

## CERTIFICATE OF SERVICE

Rodney D. Dean (Plaintiff, Pro Se)
6674 Mickey's Trail
Kalamazoo, MI 49009
(269) 552-8059

Michael Bogren (Counsel for Defendant Lakewood Church)
Plunkett Cooney
333 Bridge St. NW, Ste. 530
Grand Rapids, MI 49504
(269) 226-8822
mbogren@plunketcooney.com

Shaun Willis (Counsel for Defendant Valley Family Church)
Willis Law
491 W. South St.
Kalamazoo, MI 49007
(269) 492-1040
spwillis@willis.law


Dated:  June 8, 2020                               */S/ Tyler J. Anderson*
                                    Carol D. Carlson (P41345)
                                    Tyler J. Anderson (P82701)
                                    SMITH HAUGHEY RICE & ROEGGE
                                    100 Monroe Center St. NW
                                    Grand Rapids, MI 49503
                                    (616) 774-8000
                                    ccarlson@shrr.com
                                    tanderson@shrr.com
                                    Attorneys for Subpoena Recipient, Dr. Gary
                                    Gustafson

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

SHRR\4906966.v1