UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY D. DEAN,

        Plaintiff,                                      Case No. 1:20-cv-127

v.                                                        Hon. Janet T. Neff

DIOCESE OF LANSING, *et al.*,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Rodney D. Dean, filed a rambling, 52-page complaint in the form of a letter written to the "Chief Judge of Western District of Michigan." Compl. (ECF No. 1). This matter is now before the Court on motions to dismiss filed by defendants Valley Family Church (ECF No. 4) and Lakewood Church (ECF No. 5). Plaintiff has not filed a response to either motion.[1]

        **I.**        **Plaintiff's claims**

Plaintiff has named four defendants: the Diocese of Lansing (Roman Catholic); the United States Conference of Catholic Bishops; Lakewood Church (Houston, Texas); and, Valley Family Church (Kalamazoo, Michigan). *Id*. at PageID.1. Plaintiff alleged that "a considerable abuse has occurred via a 'computer chip' placed illegally in my skull and used as a weapon, a vehicle of torture, of abuse, of degradation, and has caused extensive trauma to my life having

---

[1] Plaintiff's response to Lakewood Church's motion to dismiss was due on May 14, 2020. *See* Cert. of Service (ECF No. 8). It is unclear when Lake Valley Church served its motion to dismiss, because defendant's counsel failed to file a proof of service. However, in a subsequent letter, plaintiff acknowledged the motions and referred to problems serving his response. *See* Letter (later stricken) (ECF No. 10). Since it appeared that plaintiff wanted to file responses to the motions, the Court explained the briefing process to him, and extended his response due date to June 11, 2020. *See* Order (ECF No. 12). Plaintiff, however, failed to file responses.

1

occurred over decades, relationships have been poisoned, my self-esteem has been attack [sic], my faith has been attacked." *Id*. at PageID.2.  According to plaintiff,

> The computer chip in my skull is connected to an Ai or computer and the "computer chip" is the conduit between my brain and the Ai or computer, it opens my mind to "through traffic" of all kinds, people come into my brain via the "computer chip" day and night 24/7 and I am powerless to stop them, to close the door of my mind and refuse entry, it is as if my body my "brain " has become a "crack house" if you will, with anyone that feels like it entering, and doing whatever they please because there are no rules, no police present, no rule of law, just unrestrained "abuse" and "torture", verbal assaults, graphic pictures and mini movies that I cannot keep from entering my mind. In addition to verbal abuse, assault on my personhood, my religious freedom, I have had my life threatened 85 times when I have woke up while they were entering this data in my "brain " while I was sleeping. In addition I have caught these people a minimum of 10 times putting images, words, thoughts encouraging "suicide", yes suicide.  If all the "garbage", the l's and O's of the Hands and Feet of Jesus or the Catholic Church is viewed as a unit, it seems very clear to me that the group the Hands and Feet of Jesus are a "Hate" group that is violating my rights on many levels including my 5th and 14th amendment rights. But I am in a position where I have no way to protect myself, to assert my rights as an American Citizen, I have no contract, do not even know for certain if there was a contract, only certain that if there was one, it does not give these people the right to emotionally, psychologically, or visually abuse me in any way, surely not to threaten my life or encourage suicide.

PageID.2.[2]

This Court has dismissed defendants Diocese of Lansing and United States Conference of Catholic Bishops.  *See* Order (ECF No. 11).  The only claims remaining in this lawsuit are those alleged against defendants Lakewood Church and Valley Family Church.  In reviewing the complaint, the only references to the remaining defendants appear at pages 50 and 51 of the complaint (PageID.51-52), which seeks to obtain "exculpatory evidence" from them and others (such as non-parties Billy Graham, Tom Izzo, Roger Federer, Chris Evert, and Pam Shriver) with respect to his claim that thousands of people have computer chips in their head like him:

> The issues just mentioned are over and above the issues I am presenting in regard to the abuse related to the use of the "computer chip" placed in my head and

---

[2] Plaintiff's discussion of the computer chip and religious matters continues for dozens of single-spaced pages and his complaint includes lengthy legal citations, including federal criminal statutes.  *See* PageID.2-52.

2

> the heads of thousands of others. It should be noted that I personally know 8 people whose lives have been forever altered by the criminal practices of these people and I suggest to the court that the number nationwide is likely in the thousands, of the people I know they suffer from severe depression, anxiety, agoraphobia and PTSD symptoms and I have suffered from some of these issues as well due to the practices of this group.
>
> Exculpatory Evidence- I am further asking that CNN and NBC and NBC sports, and CBS Sports provide all taped material regarding their discussion of this issue on Television as "Exculpatory Evidence in this case.", and I am seeking a "court order" if the materials requested are not turned over for the preparation of this case. CNN has numerous film pieces involving Democrats and Republications discussing this issue and those would be important as well. <u>I am further requesting that all pertinent "filmed material from" worship services at Valley Family Church, and Lakewood Church in Houston Texas</u> and well as Pastor Brian Huston's talk show on the Hillsong Television Network as well as any sermons that Pastor Huston preached regarding material that I have wrote. I am also requesting copies of sermon's from the Billy Graham library regarding Billy Graham's sermon on this subject, Dr. James Kennedy's sermon on this issues from his library from Coral Ridge Presbyterian Church in Florida, and a sermon preached by Dr. Jack Van lmpe who is still living and is from the Detroit Michigan area. I am also requesting that film of Tom Izzo discussing this subject be made available or if necessary subpoenaed, there is also film of Rodger Federer discussing this issue as well as Chris Evert discussing this subject and Pam Shriver discussing his material during past U.S. Opens, within the last 5 years. <u>My hope is for voluntary cooperation but if necessary I ask the court to subpoena these materials. I am also aware that CNN and other news networks record religious broadcasting such a Valley Family Church and Lakewood in Houston and they record each other's broadcasts as well and any help securing these film pieces would be important as well</u>.

PageID.51-52 (emphasis added).  At this time, the Court will address the motions to dismiss filed by the two remaining defendants, Lakewood Church and Valley Family Church.

## II. Defendants' motions to dismiss

### A. Legal Standard

Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

3

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### B.    Discussion

Plaintiff's complaint refers to alleged violations of his rights under the 5th Amendment (PageID.2, 30-31, 33-34, 36) and 14th Amendment (PageID.2, 31-36). Given these references, the Court construes the complaint as seeking relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff's complaint does not contain any facts which could state a claim to relief against these two defendants that is plausible on its face. *Iqbal*, 556 U.S. at 678. First, plaintiff does not allege that either Valley Family Church or Lakewood Church deprived him of any federal rights. In fact, plaintiff does not allege that these defendants engaged in any wrongful conduct. Rather, he wants copies of "filmed material from worship services." PageID.51 (internal

4

quotations marks omitted).  Second, plaintiff is suing two churches which held religious services. In order for a private party's conduct to be considered an action taken under color of state law, that conduct must be fairly attributable to the State.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Plaintiff's complaint contains no facts to show that defendants' religious services had any connection to the State.[3]  For all of these reasons, defendants' motions to dismiss should be granted.[4]

### III.    RECOMMENDATION

Accordingly, I respectfully recommend that the motions to dismiss filed by the two remaining defendants, Valley Family Church (ECF No. 4) and Lakewood Church (ECF No. 5), be **GRANTED** and that this action be **TERMINATED**.


Dated:  June 15, 2020                               /s/ Ray Kent
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[3] As explained in *Lugar*, "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar*, 457 U.S. at 937.

[4] If defendants had not moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the undersigned would have recommended dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").